## CHIPMAN CHEMICAL ENGINEERING CO., Inc., v. READE MFG. CO.

(District Court, D. New Jersey.   December 31, 1920.)

Patents ☞328—873,680, for spraying apparatus void for lack of novelty.
    The Pearse patent, No. 873,680, for spraying apparatus, *held* void for lack of novelty.

In Equity. Suit by the Chipman Chemical Engineering Company, Incorporated, against the Reade Manufacturing Company. Decree for defendant.

Paul Q. Oliver, of Westfield, N. J., and Edward S. Beach, of New York City, for plaintiff.

Lewis J. Doolittle, of New York City, for defendant.

BODINE, District Judge. This suit, by stipulation, comes before the court upon final hearing upon bill, answer, and affidavits. The plaintiff claims the infringement of the fifth and eighth claims of United States patent No. 873,680, dated December 10, 1907, which read as follows:

5. "The combination with a tank, and discharge devices connected therewith, of means for establishing pressure in the tank whereby the discharge therefrom may be regulated independently of the liquid contents of the tank, substantially as set forth."

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

8. "In an apparatus substantially as described, the combination of a nozzle pipe, a series of nozzles connected therewith and comprising each a perforated head having a neck, a coupling receiving said neck and a pipe section intermediate said coupling and the nozzle pipe and independent valves controlling the passage of liquid from the nozzle pipe to their respective heads, substantially as set forth."

The pressure device applied to the tank is by means of a pump, which from the drawings attached is indicated to be by operation independent of the operation of the car. There is nothing, however, in the claim which suggests this idea, except by reference.

The plaintiffs' business is the spraying of railway tracks with a liquid weed killer by means of the device made under this patent, and during the year 1918 it seems to have used 281,320 gallons of liquid on such railways as the Chicago & Northwestern, Lehigh Valey, Baltimore & Ohio, Illinois Central, Southern Pacific, Pennsylvania Railroad, and other road and trolley lines. The defendant for many years prior to the commencement of business by the plaintiff has been engaged in the railroad weed-killing enterprise.

The plaintiffs' fifth claim by analysis consists of three parts—the tank, a discharge device, and a means for using pressure. Its eighth claim, in addition to the discharge device, consists of a nozzle pipe with a series of nozzles connected therewith, each containing an independent valve controlling the passage of liquid therefrom. The defendant asserts that there is no novelty in either of these claims. With respect to claim 5 he cites the Haughey patent, No. 397,287. This patent discloses in a street-sprinkling device a tank mounted on a carriage with an air pump, not independently operated, but operated from the driving gear of the carriage, for the purpose of establishing pressure, and a discharge device.

In 1891 a patent was issued to Tyrrel, No. 444,786, embodying a somewhat similar device for the purpose of destroying insects. In this device we have three elements—the tank, a discharge pipe, and air pump. In 1904 a further patent was issued to one Smith, No. 765,518, for a street cleaner. The street cleaner added to the three elements above recited a control by the driver of each of the spraying devices. It is obvious from the analysis of these patents that for years prior to the patent in suit the combination of the three elements existed and was well known; the only suggested change being the independent action of the pumping device, if it is included within the specification of claim, and which was no doubt used for convenience only, and is certainly analogous to a pump driven from the running gear of the carriage.

Defendant further claims that claim 8 of the patent in suit is completely anticipated by the Farrand patent, No. 390,657—1888, for a potato sprinkler, where substantially a similar sprinkling device and combination were used, consisting of a series of nozzles designed for sprinkling the ground, each nozzle controlled by means of a lever and valves.

Numerous other patents are cited: Murphy, No. 736,135, for a street washer; Ward, No. 805,689, for a poison distributor for plants;

Eccles, No. 436,406, for a water sprinkler for farming purposes. In addition to these patents, the Bradford patent, No. 803,090, for a hand car device for destroying weeds along the railroad, seems a complete anticipation of the patent in suit. This patent calls for the elements in the fifth claim of the patent in suit, and also for the distributing nozzles transverse across the end of the car and each nozzle independently controlled.

The application for the injunction will be denied, for the reason that there exists no novelty in the plaintiffs' claim.